IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES A. MCKEIGHAN,**

      **Plaintiff,**

  v.            **CASE NO. 08-3003-SAC**

**EVERCOM INC., et al.,**

      **Defendants.**

### O R D E R

  Plaintiff proceeds pro se on a complaint under 42 U.S.C. § 1983, which was initially submitted by three plaintiffs. *See* Horton, et al. v. Evercom, Inc. et al., Case No. 07-3183-SAC. The court severed that complaint into three separate actions, with each of the three plaintiffs proceeding as the sole plaintiff in their separate case. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

  Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

  In this matter, plaintiff complains of the telephone service

provided at a detention facility operated by the Corrections Corporation of America (CCA) in Leavenworth, Kansas (CCA-LVN). Plaintiff names as defendants Evercom Inc., a Texas corporation providing phone service to prisoners, and three Evercom officials. Plaintiff also names Correctional Billing Services, identified as a "sister company" owned by Evercom. Plaintiff contends the rate set for telephone calls is excessive, noncompetitive, and discriminatory, and broadly alleges price fixing and a conspiracy to violate antitrust provisions. Having reviewed the complaint, the court finds it is subject to being summarily dismissed for the following reasons.

First, plaintiff's request for declaratory and injunctive relief to prevent alleged antitrust violations by defendants at CCA-LVN was rendered moot by plaintiff's transfer from the Kansas facility. *See* <u>Martin v. Sargent</u>, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions). *See also*, <u>Cox v. Phelps Dodge Corp.</u>, 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).

Second, to the extent plaintiff seeks damages for emotional and mental anguish allegedly caused by defendants' actions, such relief is barred because plaintiff alleges no prior physical injury to support this request. *See* 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

And third, to the extent plaintiff seeks compensatory and

punitive damages, his allegations are insufficient to state a cognizable claim upon which such relief can be granted. Plaintiff has no constitutional right to telephone service or to any particular rate for such service. *See* Arney v. Simmons, 26 F.Supp.2d 1288, 1293 (D.Kan. 1998). Also, prison administrators are to be afforded substantial deference regarding matters of internal security and management of a correctional facility, Rhodes v. Chapman, 452 U.S. 337, 349 n.14 (1981); Bell v. Wolfish, 441 U.S. 520, 547 (1979), which would clearly encompass contracting for prisoner telephone service. Moreover, plaintiff's bare claim of a conspiracy between defendants and CCA is conclusory at most, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), and the complaint is devoid of any factual basis for plausibly establishing that plaintiff's allegations of usury rates and inadequate regulation of those rates present a colorable antitrust or price discrimination claim not barred by the filed rate doctrine.[1] *See* Daleure v. Commonwealth of Kentucky, 119 F.Supp.2d 683, 689 (W.D.Ky. 2000)(filed rate doctrine barred damages for alleged antitrust or equal protection violations by jail administrators and contracted telephone providers).

The court thus directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. The failure to file a timely response may result in this action being dismissed for the reasons stated above, and without further

---

[1]*See* American Tel. and Tel. Co. v. Central Office Telephone, Inc., 524 U.S. 214, 223 (1998)("filed rate doctrine" applies to telephone services, and bars challenges to legal rates).

prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 5th day of March 2010 at Topeka, Kansas.

                                               s/ Sam A. Crow
                                               SAM A. CROW
                                               U.S. Senior District Judge